**UNION PACIFIC RAILROAD COMPANY, Plaintiff,**

v.

**UNITED TRANSPORTATION UNION, Defendant.**

Civ. A. No. H–92–2137.

United States District Court, S.D. Texas, Houston Division.

Jan. 15, 1993.

Albert John Harper, II, Fulbright & Jaworski, Merrick C. Walton, Union Pacific R. Co., Houston, TX, for plaintiff.

Alfred John Harper, II, Fulbright & Jaworski, Mark Zito, Jones & Granger, Houston, TX, Clinton J. Miller, Cleveland, OH, for defendant.

### ORDER

NORMAN W. BLACK, Chief Judge.

Pending before the Court are cross motions for summary judgment. Plaintiff claims Defendant is obligated, by statute, to arbitrate certain crew consist disputes on the merits. Defendant denies it has an obligation to arbitrate because Gulf Coast Lines ("Gulf Coast"), Texas & Pacific Railway ("T & P") and Texas Pacific–Missouri Pacific Terminal Railroad of New Orleans ("TPMP") entered into crew consist agreements prior to the enactment of Public Law No. 102–29 ("PL 102–29"), 105 Stat. 169 (1991) with the explicit understanding that those agreements removed that issue from national handling.

This is a declaratory action arising out of PL 102–29 which was passed to resolve the national rail strike of 1991. In essence PL 102–29 is a formalization of the recommendations made by the Presidential Emergency Board ("PEB 219") appointed to resolve the dispute. Included in this law is a mandate that if necessary, rail labor agree to additional negotiating and binding arbitration on the crew consist issue in exchange for otherwise unjustified wage increases.

Both Plaintiff and Defendant were parties to the national rail dispute. Plaintiff is operated as a single integrated system composed of a number of formerly independent railroads including Gulf Coast, T & P and TPMP. After PL 109–29 was passed, Plaintiff paid the prescribed lump sum and commenced payment of the wage increases. These were accepted by employees represented by Defendant. Plaintiff then asked Defendant's representatives to renegotiate crew consist pursuant to the recommendations in PEB 219. Defendant refused, alleging Plaintiff's request was barred by the moratorium provisions in the existing agreements. Nonetheless negotiations went forward and tentative agreements were entered into. However, the trainmen on the Gulf Coast, T & P and TPMP lines refused to ratify the agreements.

Plaintiff then filed an arbitration proceeding pursuant to PL 102–29 since it was identified as a railroad covered under this law. Although there was no language excluding Gulf Coast, T & P or TPMP, local unions for these lines claimed neither PEB 219 nor PL 109–29 applied to them. Again Defendant argued Plaintiff's request was barred by the moratorium provisions contained in the local agreements Plaintiff signed after the commencement of national negotiations which prevented them from compelling Defendant to negotiate further changes in the crew consist issue.

The arbitration panel refused to arbitrate the crew consist dispute asserting that the local agreements for Gulf Coast, T & P and TPMP contained terms that effectively removed them from national handling. Plaintiff filed this litigation alleging the arbitration panel must rule on the merits.

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The parties agree there is little disagreement concerning the material facts and that this is a straightforward legal dispute.

■■■ Through the passage of PL 102–29 Congress made the recommendations of PEB 219 binding on all parties specified therein which included Plaintiff, its constituent lines and Defendant. PEB 219 contains a mandate that Defendant agree to renegotiate and, if necessary, arbitrate crew consist "[n]otwithstanding any local moratorium." PEB 219 at 66. To resolve the strike PEB 219 reached a compromise. Union members were given an insupportable wage increase in return for a reopening, through further negotiation and then binding arbitration, of the crew consist rules. Congress knowingly and explicitly overrode all moratorium provisions, making no distinction as to whether they were included in agreements reached before or after national negotiations began. The constitutionality of PL 102–29 has been upheld and it is clear that Congress had the power to transcend the moratorium provisions in an effort to stabilize the industry and end the rail strike. *UTU v. United States,* 822 F.Supp. 797 (D.D.C.1991).

Defendants have failed to present any evidence that the union ever contemplated that the moratorium provisions insulated the crew consist issue from Congressional action. The railroad industry is heavily regulated and Congress often legislates solutions to labor disputes. The local agreements at issue were in place when Congress enacted PL 102–29 and were not exempted from the statute. During the proceedings before the Board Defendant's representatives objected to the inclusion of another railroad that had withdrawn its wage reduction claim. However, it never opposed the inclusion of Plaintiff or its constituent lines.

■■■ Arbitrability is a question for the Court and there is a presumption of arbitrability. *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 649, 106 S.Ct. 1415, 1418–19, 89 L.Ed.2d 648 (1986). Courts exercise *de novo* review over determinations of arbitrability by an arbitrator. *See, e.g., International Association of Machinists and Aerospace Workers, Lodge No. 1777 v. Fansteel, Inc.,* 900 F.2d 1005, 1010 (7th Cir.) *cert. denied,* 498 U.S. 851, 111 S.Ct. 143, 112 L.Ed.2d 109 (1990).

After reviewing the evidence the Court finds that Arbitration Panel No. 8's decision must be set aside. It ignores a key element of the Congressional mandate which increases wages in exchange for the surrender of local moratorium and arbitration of crew consist rules. The panel's finding that arbitration is precluded by the local moratoriums is in direct conflict with the explicit language of PL 102–29 which requires arbitration "[n]otwithstanding any local moratorium." Therefore, the crew consist dispute must be submitted to arbitration on the merits as required by PL 102–29.

Based on the above the Court concludes that the crew consist issue on Plaintiff's Gulf Coast, T & P and TPMP lines must proceed to arbitration on the merits. Therefore, it is

ORDERED that Defendant's cross motion for summary judgment (entry 12) is DENIED. It is further

ORDERED that Plaintiff's motion for summary judgment (entry 8) is GRANTED.

IT IS SO ORDERED.

### FINAL JUDGMENT

The Court, having GRANTED Plaintiff's motion for summary judgment, declares that the disputes over the merits of Union Pacific's proposals for new crew consist rules on the Missouri Pacific Gulf Coast Lines, Texas & Pacific Railway and Texas Pacific–Missouri Pacific Terminal Railroad of New Or-

leans are arbitrable under Public Law No. 102–29, 105 Stat. 169 (1991), notwithstanding the decisions of Arbitration Panels Nos. 8(2), 8(3) and 8(4) and the parties are obligated to submit their disputes to arbitration for decisions on the merits.

This is a FINAL JUDGMENT.